UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL F. HOLT, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:09-CV-02069 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | NOVEMBER 21, 2011 |
|    Defendant. | : | |
| | : | |

**RULING RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. No. 102)**

**I.    INTRODUCTION**

Plaintiff, Carol F. Holt, seeks leave to amend her complaint, originally filed on December 18, 2009 (Doc. No. 1). Defendants collectively oppose this Motion. For the reasons set forth below, the court denies Holt's Motion.

**II.    BACKGROUND**

Holt filed her original complaint on December 18, 2009, listing three claims. Doc. No. 1. After receiving two time extensions, the Planning & Zoning Commission ("PZC"), Zoning Board of Appeals ("ZBA") and Town of Stonington ("the Town") filed a Motion to Dismiss Counts One and Two on March 5, 2010. Doc. No. 21. Joseph Larkin answered the Complaint on March 11, 2010. Doc. No. 24. On June 23, 2010, the court denied the Motion with regard to Count One, the municipal estoppel claim, but granted dismissal with regard to Count Two, the inverse condemnation claim, holding that the claim was not ripe under the United States Constitution or the Connecticut Constitution because Holt had not sought a variance from the ZBA. See Doc. No. 38 at 10–12.

On December 7, 2010, the Town, ZBA, and PZC filed a second Motion to Dismiss Counts One and Three. Doc. No. 57. On March 17, 2011, the court again

1

denied the Motion with regard to Holt's municipal estoppel claim, but granted the Motion with regard to Count Three, Holt's equal protection claim under 42 U.S.C. § 1983. See Doc. No. 73 at 3–4. Again, the court found that Holt's claim was unripe due to her failure to seek a variance from the ZBA. See id.

The parties completed discovery on December 15, 2010. On April 15, 2011, defendants filed three Motions for Summary Judgment. Doc. Nos. 77, 80, 83. Those Motions were joined as of June 21, 2011. See Doc. Nos. 98–100. On October 22, 2011, Holt filed the instant Motion to Amend. Doc. No. 102.

### III. DISCUSSION

A motion to amend is addressed to the sound discretion of the trial court, after consideration of factors such as undue delay, bad faith, and prejudice to the opposing party. See Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998). Generally, leave to amend pleadings should be freely given in the interest of justice. See Fed. R. Civ. P. 15(a); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). An important consideration when determining whether allowing amendment would be prejudicial, however, is the degree to which the amendment would delay the final disposition of the case. See Krumme, 143 F.3d at 88. A proposed amendment is particularly prejudicial when discovery is complete and a motion for summary judgment is pending. See id. (quoting Ansam Assocs. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985).

Holt asserts that good cause exists for amendment because she received written notice that her application for a variance had been denied only twenty days prior to her Motion. See Mem. Supp. Mot. to Amend at 7. Defendants respond that Holt waited

until June 2011 to file her variance application, approximately one year after the court's Ruling informed her that her claim was unripe.  See Mem. Opp. Req. Leave to Amend at 8.  At oral argument on November 17, 2011, Holt's attorney explained that his client chose to rely on her equal protection claim for monetary damages, and acted diligently to seek a variance once that claim was dismissed in March 2011.

Based on the reasons given at oral argument, it is clear that Holt made a tactical decision in choosing to rely on her equal protection claim for monetary damages.  On the basis of clear precedent, however, it should have been apparent to Holt that, until she sought a variance from the ZBA, that claim was subject to dismissal as a matter of law as well, either through a Motion to Dismiss, or a Motion for Directed Verdict, especially following the court's first decision.  See Dougherty v. Town of North Hempstead Bd. of Zoning, 282 F.3d 83, 89 (2d Cir. 2002).

Although allowing amendment is generally favored, it is this court's judgment that Holt sought leave to amend too late in this litigation, approximately four months after summary judgment was ripe for decision, and it is not the case that this delay was through no fault of her own.  Consequently, Holt's Motion to Amend (Doc. No. 102) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of November, 2011.

                                                              /s/ Janet C. Hall
                                                              Janet C. Hall
                                                              United States District Judge